IN THE UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF PENNSYLVANIA

STEVEN HUMBERT

          Plaintiff                     Civil Action No.:  2:25-CV-00011

v.

HENRY CLAY TOWNSHIP, LAWRENCE
HARTMAN, JR., JESSE BATES, II,
JERROD L. HOSTETLER, and TAMMY
STENSON,

          Defendants

## **COMPLAINT**

NOW COMES, Plaintiff, Steven Humbert, by and through undersigned counsel, and

Bassi, Vreeland & Associates, P.C., and files the within Complaint, and in support thereof avers

the following:

## I.       INTRODUCTION

Plaintiff, Steven Humbert, a single father of two (2) daughters, owns and operates

Marclay Motors, LLC, a used auto sales business.  Since Plaintiff opened Marclay Motors, LLC,

his neighbors, Lawrence Hartman, Jr., and Jesse Bates, II, have opposed Plaintiff's used auto

sales business.  Hartman, Jr., and his family are embroiled in a boundary dispute concerning the

gravel driveway that Plaintiff uses for access to his car lot.  Bates, II has a close personal

relationship with the Hartmans and his family also operates a competing used auto sales business

in Markleysburg, PA.

At first, Hartman, Jr., and Bates II raised their objections through public comment at the

Henry Clay Township Board of Supervisors.  However, for six (6) years, Henry Clay Township

rejected the concerns of Hartman, Jr., and Bates, II, and ratified their approval of Plaintiff's

business.  Then, in consecutive elections, Bates, II and Hartman, Jr., were elected to the Henry Clay Township Board of Supervisors.  They consolidated their political power by forcing the only remaining incumbent off the board and appointing their hand-selected crony, Jerrod Hostetler.  Then, they replaced the existing Zoning Officer with Tammy Stenson and gave her marching orders to target Plaintiff and his business.

At the direction of Hartman, Jr., Bates, II, and Hostetler, Zoning Officer Tammy Stenson revoked Plaintiff's permits by letter dated September 9, 2024, and ordered him to cease and desist operation within six (6) days.  Plaintiff was not afforded advance notice or a hearing before his permits were revoked, and he was ordered to cease and desist.

This is an action for injunctive relief and damages under: (1) 42 U.S.C. §1983 for deprivation of rights guaranteed by the United States Constitution; (2) 42 U.S.C. §1985(3) for conspiracy to deprive any person or class of persons of rights and privileges under the laws; (3) 42 U.S.C. §1986 for negligent failure to prevent a conspiracy in violation of 42 U.S.C. §1985(3); and (4) abuse of process under Pennsylvania Common Law.  Plaintiff seeks injunctive relief against all Defendants and damages against the Individual Defendants in their individual capacities.

## II.    PARTIES

1.    Plaintiff, Steven Humbert, is an adult individual and resident of Fayette County, Pennsylvania, with an address of 158 Bruceton Road, Markleysburg, PA 15459.

2.    Plaintiff, Steven Humbert, is the sole member of Marclay Motors, LLC, a limited liability company duly registered and existing pursuant to the laws of the Commonwealth of Pennsylvania, with a principal place of business at 158 Bruceton Road, Markleysburg, PA 15459.

3.      Defendant, Henry Clay Township, is a Second Class Township situated in Fayette County, Pennsylvania, with a principal place of business of 156 Martin Road, Markleysburg, PA 15459.

4.      Defendant, Lawrence Hartman, Jr., is a duly elected member of the Henry Clay Township Board of Supervisors, and is an adult individual and resident of Pennsylvania with an address of 445 Braddock Rd., Markleysburg, PA 15459, and an office or usual place of business at 156 Martin Road, Markleysburg, PA 15459.

5.      Defendant, Jesse Bates, II, is a duly elected member of the Henry Clay Township Board of Supervisors, and is an adult individual and resident of Pennsylvania with an address of 123 Bates Rd., Markleysburg, PA 15459, with a principal place of business of 156 Martin Road, Markleysburg, PA 15459.

6.      Upon information and belief, Defendant, Jesse Bates, II, also owns and operates a used car sales business in Markleysburg, PA that competes with Plaintiff's business.

7.      Defendant, Jerrod L. Hostetler, is a duly elected member of the Henry Clay Township Board of Supervisors, and is an adult individual and resident of Pennsylvania with an address of 298 Mae West Rd., Confluence, PA 15424, with a principal place of business of 156 Martin Road, Markleysburg, PA 15459.

8.      Defendant, Tammy Stenson, is the duly appointed zoning officer of Henry Clay Township, and is an adult individual and resident of Pennsylvania with an address of 3030 National Pike, Farmington, PA 15437, with a principal place of business of 115 Wayland Smith Drive, Uniontown, PA 15401.

### III.    JURISDICTION AND VENUE

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

10.    This Court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367(a).

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the

events giving rise to this action occurred within Fayette County, Pennsylvania, which is located

within the Western District of Pennsylvania.

### IV.    FACTUAL AND PROCEDURAL BACKGROUND

### *Original Application and Permitting of Marclay Motors, LLC*

12.    Plaintiff, Steven Humbert, began operating an auto sales business, Marclay

Motors, LLC, in 2017.

13.    Plaintiff, who is a single father of two (2) minor children, relies upon his auto

sales business, Marclay Motors, LLC, as his sole source of income.

14.    On or about August 10, 2017, Plaintiff made an application for a zoning permit

with the Henry Clay Township Zoning Officer to begin operating a used auto sales business.  A

true and correct copy of the Application for Zoning Permit is attached hereto as **Exhibit "A."**

15.    On or about August 11, 2017, the Zoning Officer of Henry Clay Township

granted Plaintiff a zoning permit.  A true and correct copy of the August 11, 2017 Zoning Permit

is attached hereto as **Exhibit "B."**

16.    Thereafter, on August 21, 2017, the Henry Clay Township Building Code Official

granted Plaintiff a "Uniform Construction Code Certificate of Occupancy & Use," and certified

"[t]he . . . building or structure has been inspected and found to be in compliance with the

4

Pennsylvania Construction Code Law (1999, November, P.L. 491, No. 45) . . . [.]" A true and correct copy of the Uniform Construction Code Certificate of Occupancy & Use is attached hereto as **Exhibit "C."**

17.     In connection with his application for zoning and land use permit, Plaintiff also prepared and filed with the Henry Clay Township Zoning Officer and Board of Supervisors, a Land Development Plan. A true and Correct Copy of the Humbert Land Development Plan is attached hereto as **Exhibit "D."**

18.     Upon information and belief, at all times material and pertinent hereto, Plaintiff's Land Development Plan was in the possession, custody, and control of the Henry Clay Township Board of Supervisors at their principal place of business.

19.     On May 7, 2019, Henry Clay Township, by and through its Zoning Officer, issued its final approval of Plaintiff's Land Development Plan. A true and correct copy of the Certificate of Occupancy and Use dated May 7, 2019 is attached hereto as **Exhibit "E."**

20.     Prior to September 9, 2024, neither Plaintiff's August 11, 2017 Zoning Permit, nor Plaintiff's August 21, 2017 Certificate of Occupancy and Use, nor Plaintiff's May 7, 2019 Certificate of Occupancy and Use had ever been appealed to the zoning hearing board or otherwise challenged through any judicial and/or quasi-judicial proceedings.

21.     Since August of 2017, Plaintiff has been operating his business, Marclay Motors, LLC, relying upon Henry Clay Township's approval of his Zoning Permit, and Certificate of Occupancy and Use.

22.     In reliance upon the permits issued by Henry Clay Township, Plaintiff has expended substantial unrecoverable funds in the operating Marclay Motors.

23.    Throughout the application process, Plaintiff exercised due diligence in complying with all applicable laws, ordinances, and regulations, including seeking consultation and direction from Henry Clay Township officials and following the direction of all Henry Clay Township Officials.

***Challenges to Plaintiff's Certificate of Occupancy and Use and September 9, 2024 Revocation***

24.    Upon obtaining the necessary permitting, Plaintiff began construction of a car lot on his property that was accessible from the existing gravel driveway on Plaintiff's property.

25.    Almost immediately upon Plaintiff's commencement of construction, Plaintiff's neighbor, Lawrence Hartman, Sr., and his son Lawrence Hartman, Jr. (now Henry Clay Township Supervisor), objected to Plaintiff operating a used auto sales business on his property.

26.    The Hartmans' objections arose from their belief that the gravel driveway providing access to Plaintiff's car lot was actually situated on the Hartmans' property.  Plaintiff maintains that if he is not the record owner of the gravel driveway, he has obtained right, title, and interest in and to the gravel driveway by adverse possession.

27.    On or about September 27, 2024, the Hartmans filed an Action in Ejectment in the Fayette County Court of Common Pleas, <u>Hartman v. Humbert</u>, No. 1987 of 2024 GD, which is presently in the pleadings stage.

28.    Plaintiff's other neighbor (now Henry Clay Township Supervisor) Jesse Bates, II, similarly opposed Plaintiff operating a used auto sales business on Plaintiff's property because Mr. Bates, II, has a close personal relationship with the Hartmans and Mr. Bates, II operates a competing used auto sales business in Markleysburg, PA.

29.    Despite never formally appealing any of Plaintiff's permits, Defendants Hartman and Bates, II (at the time not having been elected to the Board of Supervisors) attended several

meetings of the Henry Clay Township Board of Supervisors to voice their opposition to the Township's approval of Plaintiff's Zoning Permit and Land Development Plan.

30.     The Henry Clay Township Zoning Officer and Board of Supervisors entertained extensive public comment and debate regarding Plaintiff's permit applications and Plaintiff's Land Development Plan.

31.     Throughout the duration of the public comment and debate, Henry Clay Township, its Board of Supervisors, zoning officers, engineers, and officials repeatedly ratified their approval of Plaintiff's operation of a used auto sales business on his property.

32.     Then, in November of 2019, Jesse Bates, II, was elected to the Henry Clay Township Board of Supervisors and took his position in January of 2020.

33.     Thereafter, in November of 2023, Lawrence Hartman, Jr., was elected to the Henry Clay Township Board of Supervisors, and he took his position on the Board in January of 2024.

34.     Now making up a voting majority on the three-person Board of Supervisors, Supervisor Hartman, Jr., and Supervisor Bates, II forced the resignation of the last remaining incumbent on the Board of Supervisors, William Hayden, and replaced Supervisor Hayden with an appointee they hand-selected, Jerrod L. Hostetler.

35.     Now having consolidated the political power in Henry Clay Township, Supervisors Hartman, Jr., Bates II, and Hostetler conspired to target Plaintiff with the full power of their elected office for their own personal gain.

36.     To further consolidate power and target Plaintiff, Supervisors Hartman, Jr., Bates II, and Hostetler appointed Tammy Stenson to serve as the new Henry Clay Township Zoning Officer.

37.     Upon information and belief, Supervisors Hartman, Jr., Bates II, and Hostetler, and Zoning Officer Stenson convened private meetings where they communicated and consulted on how to target Plaintiff and his business.

38.     Upon information and belief, the product of these private meetings, communications, and consultation was a meeting of the minds amongst Supervisors Hartman, Jr., Bates II, and Hostetler, and Zoning Officer Stenson to abuse their elected office to deprive Plaintiff of his constitutional rights.

39.     Upon information and belief, Supervisors Hartman, Jr., Bates II, and Hostetler, individually and/or collectively, and/or in furtherance of their conspiracy, requested, directed, instructed, ordered, and/or commanded Tammy Stenson to revoke Plaintiff's permits and order Plaintiff to cease and desist operation of his used auto sales business.

40.     Upon information and belief, Zoning Officer Tammy Stenson followed the request, direction, instruction, order, and/or command of Supervisors Hartman, Jr., Bates II, and Hostetler, even though she knew, or in the exercise of reasonable care and diligence should have known, that revoking Plaintiff's permits and ordering him to cease and desist operation of his used auto sales business violated Plaintiff's substantive and procedural due process rights and right to equal protection under the United States Constitution.

41.      On or about September 9, 2024, Zoning Officer Tammy Stenson sent a letter to Plaintiff **revoking** his occupancy and zoning permits "effective immediately."  A true and correct copy of the September 9, 2024 correspondence is attached hereto as **Exhibit "F."**

42.     In the September 9, 2024 Letter, Zoning Officer Stenson made material misrepresentations and accused Plaintiff of operating his business without submitting a land development plan for approval.

43.     Of course, Plaintiff had submitted his Land Development Plan ***at least five (5) years earlier***, which had been reviewed and approved by Henry Clay Township on May 7, 2019.

44.     In her September 9, 2024 letter, Zoning Officer Stenson ordered Plaintiff to "cease all business operations for Marclay Motors as of September 15, 2024."

45.     No advance notice was provided to Plaintiff before his zoning and occupancy permit was revoked, or before Plaintiff was ordered to cease and desist operation of his used auto sales business.

46.     Upon information and belief, all named Defendants herein acted intentionally, maliciously, and/or in a reckless disregard for Plaintiff's rights in revoking Plaintiff's occupancy and zoning permits, and ordering him to cease and desist operation of his used auto sales business.

47.     Moreover, Plaintiff believes and therefore aver that all named Defendants conspired with each other to abuse their official positions and appointments in order to advance their own personal and private interests.

48.     Specifically, all named Defendants specifically intended to ruin Plaintiff's business to put pressure on Plaintiff to settle and/or concede the boundary dispute with Hartman, Jr. and his family, and to eliminate a competing business for Bates, II.

49.     Moreover, upon information and belief, Defendants Hostetler and Stenson agreed to participate in the conspiracy because they both owe their official appointments to Hartman, Jr., and Bates, II, and they desire to stay in the good graces of Hartman, Jr., and Bates, II, and preserve their positions.

50.    As such, Plaintiff believes and therefore avers that Defendants' revocation of Plaintiff's zoning and building permits was intentional, malicious, arbitrary, and capricious and therefore constituted bad faith.

51.    Moreover, Plaintiff believes and therefore avers that the conduct of all named Defendants, individually, collectively, and/or in furtherance of their conspiracy, constituted such an egregious and outrageous abuse of executive and administrative power that shocks the conscience.

52.    Additionally, Plaintiff believes and therefore avers that the edict, actions, and conduct of Supervisors Hartman, Jr., Bates, II, and Hostetler as alleged herein represent the official policy and/or custom of Henry Clay Township.

53.     Furthermore, Plaintiff believes and therefore avers that the edict, actions, and conduct of Supervisors Hartman, Jr., Bates, II, and Hostetler as alleged herein have been adopted by Henry Clay Township as its official policy and/or custom.

54.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has in the past and will in the future suffer loss of income and revenue, for all of which damages are claimed.

55.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has in the past and will in the future suffer a loss of use of his real property, for all of which damages are claimed.

56.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has in the past and will in the future suffer harm to his reputation in the community, for all of which damages are claimed.

57.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has in the past and will in the future suffer emotional distress, embarrassment, humiliation, degradation, and loss of the enjoyment of life, for all of which damages are claimed.

58.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has in the past and will in the future incur costs and attorneys' fees reasonably incurred in defending against the process initiated by Defendants, and in prosecuting the within action, for all of which damages are claimed.

## COUNT I

**Steven Humbert**
**v.**
**Henry Clay Township, Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson**

*Action 42 U.S.C. §1983 for Violation of Plaintiff's Substantive Due Process Rights under the 14th Amendment of the United States Constitution*

59.     Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

60.     The Fourteenth Amendment of the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law."  U.S. CONST. amend. XIV.

61.     42 U.S.C. §1983 provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress [.]"

62.    Plaintiff has a fundamental Constitution Right to use and enjoy his property and dedicate it to any lawful use and purpose.

63.    Moreover, Plaintiff has a vested property right in the zoning and occupancy permits that have authorized and approved his auto sales business since 2017.

64.    All named Defendants, individually, collectively, and/or in furtherance of a conspiracy, acted under color of State law and deprived Plaintiff of his substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution by revoking his permits and ordering that he cease and desist operation of his used auto sales business.

65.    Moreover, Defendants' conduct as alleged herein constitutes such an egregious and outrageous abuse of executive and administrative power that it shocks the conscience.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

**COUNT II**

**Steven Humbert**
**v.**
**Henry Clay Township, Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson**

***Action 42 U.S.C. §1983 for Violation of Plaintiff's Procedural Due Process Rights under the 14th Amendment of the United States Constitution***

66.    Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

67.     All named Defendants, individually, collectively, and/or in furtherance of a conspiracy, acted under color of State law and deprived Plaintiff of life, liberty, and/or property in revoking Plaintiff's permits and ordering him to cease and desist operation of his used auto sales business without affording Plaintiff advance notice and an opportunity to be heard.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

## COUNT III

### Steven Humbert
v.
### Henry Clay Township, Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson

*Action 42 U.S.C. §1983 for Violation of Plaintiff's Equal Protection Rights under the 14th Amendment of the United States Constitution*

68.     Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

69.     Plaintiff has been intentionally treated differently by all named Defendants, as alleged herein, from others similarly situated to Plaintiff in Henry Clay Township.

70.     Others proximately and/or similarly situated in Henry Clay Township were not accorded the treatment suffered by Plaintiff as set forth herein.

71.     There is no rational basis, and no legitimate governmental and/or state interest justifying the difference in treatment suffered by Plaintiff as set forth herein. On the contrary, the difference in treatment suffered by Plaintiff was purely motivated by Defendants' ulterior motives, personal interests, and personal animus as set forth herein.

13

72.     In light of the above, Plaintiff is in a "class-of-one" that has been denied equal protection under the law.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

## COUNT IV

### Steven Humbert
### v.
### Henry Clay Township, Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson

#### *Action 42 U.S.C. § 1985(3) for Conspiracy to Deprive Persons of Constitutional Protected Rights*

73.     Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

74.     42 U.S.C. § 1985(3) provides, "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

75.     All named Defendants engaged in a conspiracy to deprive Plaintiff of equal protection under the law, and/or equal privileges and immunities under the laws by targeting Plaintiff and treating him differently than those proximately and/or similarly situated and revoking Plaintiff's permits and ordering he cease and desist operating his used auto sales business.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

## COUNT V

### Steven Humbert
### v.
### Henry Clay Township, Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson

***Action 42 U.S.C. § 1986 for Negligent Failure to Prevent Conspiracy to Deprive Persons of Constitutional Protected Rights***

76.     Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

77.     42 U.S.C. 1986 provides, "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such

person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action [.]"

78.     To the extent it is found that any Defendant named herein did not actively participate, meet of the minds, and/or agree to participate in the conspiracy to deprive Plaintiff of equal protection under the law, and/or equal privileges and immunities under the laws (which is denied), all Defendants, individually, and/or collectively, had knowledge of the conspiracy amongst the other Defendants to deprive Plaintiff of equal protection under the law, and/or equal privileges and immunities under the law, had the power to prevent or aid in preventing the commission of the same, and neglected and/or refused to do so.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

## COUNT VI

### Steven Humbert
### v.
### Lawrence Hartman, Jr., Jerrod L. Hostetler, Jesse Bates, II, and Tammy Stenson

### *Abuse of Process/Civil Conspiracy to Commit Abuse of Process*

79.     Plaintiff incorporates the preceding paragraphs by reference as if the same were set forth at length herein and made a part hereof.

80.     As set forth hereinabove, all named Defendants, individually, collectively, and/or in furtherance of a conspiracy, instituted legal process against Plaintiff, including:

     a.     magisterial citation against Plaintiff for purported zoning violations;

     b.     civil action for fines against Plaintiff for purported zoning violations;

     c.     revocation of Plaintiff's zoning permits and building permits; and

     d.     issuance of a cease and desist to prohibit Plaintiff from engaging in any business operations.

81.     Defendants instituted the above process against Plaintiff primarily to accomplish a purpose for which the process was not designed, particularly:

     a.     to advance the personal and private interests of Lawrence Hartman, Jr., and his parents, Lawrence A. Hartman and Sheila R. Hartman, in their Complaint in Ejectment against Plaintiff at Hartman v. Humbert, 1987 of 2024 GD; and

     b.     To eliminate a competing used auto sales business for Jesse Bates, II; and

     c.     To allow Jerrod Hostetler and Tammy Stenson to stay in the good graces of Defendants Hartman, Jr., and Bates, II, because they both owe their official appointments to Hartman, Jr., and Bates, II, and desired to preserve their positions.

82.     Moreover, the above-referenced process was instituted for the illegitimate purpose of extorting Plaintiff, blackmailing Plaintiff, and/or coercing or compelling Plaintiff to concede his real property rights against Defendant, Larence Hartman, Jr., and his parents.

83.     All named Defendants, individually, collectively, and/or in furtherance of a conspiracy, committed an overt act in furtherance of the conspiracy by instituting the above-referenced process against Plaintiff, and engaging in the conduct as alleged herein.

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and Bassi, Vreeland & Associates, P.C., respectfully requests judgment in his favor and against Defendants, jointly and severally, and the Court grant the relief requested in the Prayer for Relief, below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Steven Humbert, by and through undersigned counsel, and

Bassi, Vreeland & Associates, P.C., respectfully requests this Court grant the following relief:

a.    Enter judgment in favor of Plaintiff and against Defendants;

b.    Compel Defendants to restore Plaintiff's zoning and occupancy permits for the operation of Plaintiff's used auto sales business;

c.    Enjoin Defendants from interfering, directly or indirectly, with Plaintiff's operation of a used auto sales business on his property;

d.    Award Plaintiff actual, compensatory, and punitive damages against Defendants, Lawrence Hartman, Jr., Jesse Bates, II, Jerrod Hostetler, and Tammy Stenson, individually;

e.    Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 against Defendants, Lawrence Hartman, Jr., Jesse Bates, II, Jerrod Hostetler, and Tammy Stenson, individually; and

f.    Award such other relief that the Court deems just.

**A JURY TRIAL IS HEREBY DEMANDED.**

Respectfully Submitted,
BASSI, VREELAND & ASSOC., P.C.

By:    _/s/ Bradley M. Bassi_____
Bradley M. Bassi, Esq.
PA 28843
bbassi@bmvlaw.com

By:    _/s/ Corey S. Young_____
Corey S. Young, Esq.
PA 323153
cyoung@bmvlaw.com

111 Fallowfield Ave.
P.O. Box 144
Charleroi, PA  15022
724-483-5502
724-483-1629 (fax)
Counsel for Plaintiff, Steven Humbert